**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____X

DE YIN LI, *Individually and On*
*Behalf of Others Similarly Situated,*

                    *Plaintiff(s),*

-against-

                                            Case Number: **1:18-cv-05277**

J&J Richhaven Enterprises Inc, d/b/a U-Me Sushi,
and Jing Chow

                    *Defendant(s),*
_____X

_____

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(B)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE & MOTION REQUESTING THE COURT TO TAKE JUDICIAL NOTICE OF CERTAIN DOCUMENTS AND FACTS CITED IN THE MOTION TO DISMISS

_____

                                          HUI CHEN, ESQ.
                                          Hui Chen & Associates, PLLC
                                          *Attorneys for Defendants*
                                          *J&J Richhaven Enterprise Inc. and Jing Chow*
                                          136-20 38th Ave., Suite 9E
                                          Flushing, New York 11354
                                          Email: hui.chen@alum.cardozo.yu.edu


                                          XIAOXI LIU, ESQ.
                                          Hang & Associates, PLLC
                                          *Attorney(s) for Plaintiff(s)*
                                          136-20 38th Ave, Suite 10G
                                          Flushing, New York 11354
                                          Tel: (718) 353-8588
                                          xliu@hanglaw.com

January 8, 2019

# **TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ...................................................................................4

II. RELEVANT BACKGROUND..................................................................................4

III. ARGUMENTS AND AUTHORITIES......................................................................5

    A. *APPLICABLE LEGAL STANDARD*……………………………………………...5

        1. Rule 12(b)(6) Motion to Dismiss……………………………………………...5

        2. Judicial Notice………………………………………………………………5

    B. *ARGUMENT*.......................................................................................................7

        I. *This Court Lacks* SUBJECT MATTER JURISDICTION AND *Supplemental Jurisdiction Over the Defendants*……………………………..7

            1. SUBJECT MATTER JURISDICTION……………………………………………7

            2. SUPPLEMENTAL JURISDICTION……………………………………………8

        II. *This Court Should Take Judicial Notice Of Information Regarding Tipped Employees Under the Fair Labor Standards Act that is listed in the United States Department of Labor Wage and Hour Division website*……………..9

IV. CONCLUSION ........................................................................................................10

Certificate of Service…………………………………………………………………………11

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                            **Page**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ...............................................................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ............................................................... 5

*Bowrin v. Catholic Guardian Society*, 417 F. Supp. 2d 449, 457 (S.D.N.Y. 2006))…………..…..7

*Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985)…………………………………………..5

*Hotel Employees & Rest. Employees Union. Local 100 of New York, N.Y. v. Vicinity, AFL CIO v. City of New York Dep't of Parks & Recreation*, 311 F.3d 534, 549 (2d Cir. 2002)…………………6

*Ligon v. Doherty*, 208 F. Supp.2d 384, 386 (E.D.N.Y. 2002)……………………………………..6

*Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010)…………….8

*Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).……………………......7

*Padilla v. Manlapaz*, 643 F. Supp. 2d 298, 299 (E.D.N.Y. 2009) ……..…………………………7

*Staehr v. Hartford Fin.Servs Grp., Inc.*, 547 F.3d 406, 426 (2d Cir.2008)…………………………6

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). ................7

*Wells Fargo Bank. N.A. v. Wrights Mill Holdings, LLC.*,
127 F. Supp.3d 156, 166 (S.D.N.Y. 2015)……………………………………………………………6

## **Law, Rules and Treaties**

Fair Labor Standards Act, 29 U.S.C. § 201 et. seq…………………………………………….4,7,9

Fed. R. Civ. P. 12(b)(6)…………………………………………………………………………..4-5

Fed. R. Civ. P. 12(b)(1)……………………………………………………………………… 7-8

Fed. R. Ev. 201……………………………………………………………………………………..6

28 U.S.C. § 1331……………………………………………………………………………………8

28 U.S.C.A. § 1367(c)(3)…………………………………………………………………………...8

28 U.S.C.A. §1367(a)………………………………………………………………………………9

New York Labor Law §650 *et seq*……………………………………………………………….4,8

Defendants J&J RICHHAVEN Enterprises Inc. (the "Restaurant Defendant" and/or the "Restaurant") and Jing Chow ("Defendant Chow" and/or "Chow") (collectively the "Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint ("Complaint") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Specifically, the Moving Defendants move to dismiss the Complaint because Plaintiff failed to state a claim against them under the Fair Labor Standards Act ("FLSA").

## I.  PRELIMINARY STATEMENT

Defendants J &J Richhaven Enterprises Inc. and Jing Chow (collectively referred to as "Defendants") respectfully request that the Collective Action Complaint (the "Complaint") in this action be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff De Yin Li, *Individually and On Behalf of Others Similarly Situated* (the "Plaintiff") assert a variety of wage-and hour claims against Defendants arising under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.,* and New York Labor Law ("NYLL") §650 *et seq*. Based on the Defendants arguments presented below, Plaintiff's should be dismissed because of lack of subject matter jurisdiction.

## II.  RELEVANT BACKGROUND

On September 19, 2018, Plaintiff filed the Complaint alleging that he was not properly compensated by the Defendants during his employment as a delivery worker at J&J Richhaven Enterprises Inc. In the Complaint, Plaintiff Li alleges that he worked at J &J Richhaven Enterprises Inc. from on or around February 1, 2018 to on or around July 15, 2018.

Defendant J &J Richhaven Enterprises Inc. d/b/a U-Me Sushi (the "Restaurant Defendant") is a family-owned local Japanese Take Out Restaurant. At all times relevant to the within action, the

Restaurant's owner of record, Defendant Jing Chow ("Defendant Chow"), has been working at his Restaurant on a full time basis. Furthermore, during all times relevant to this action, the Restaurant Defendant and Defendant Chow (collectively the "Defendants") have employed on a regular basis four full-time employees.

## III. ARGUMENTS AND AUTHORITIES

### A. APPLICABLE LEGAL STANDARD

#### 1. *Rule 12(b)(6) Motion to Dismiss*

In order to survive a Rule 12(b)(6) motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678. A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

#### 2. *Judicial Notice*

In addition and in conjunction with the within 12(b)(6) Motion to Dismiss, the Defendants are hereby requesting the Court to take judicial notice of certain documents cited in the within Motion to

Dismiss the Complaint. "[M]atters judicially noticed by the District Court are not considered matters outside the pleadings." *See* Staehr v. Hartford Fin.Servs Grp., Inc., 547 F.3d 406, 426 (2d Cir. 2008).

Specifically, the Defendants are hereby asking the Court to take judicial notice of (a) information regarding Minimum Hourly Wages for Tipped Employees, by State, revised on January 1, 2019, that is listed in the United States Department of Labor Wage and Hour Division website; (b) information regarding Restaurants and Fast Food Establishments under the Fair Labor Standards Act (FLSA), and specifically information regarding Tipped Employees under the Fair Labor Standards Act (FLSA) that also listed in the United States Department of Labor Wage and Hour Division website; and (c) the fact that the Restaurant run by the Defendants is located at Jamaica Ave in Woodhaven of Queens County and as such is a small family-operated Japanese takeout restaurant with only four employees. All food prepared and served by Defendant Chow and Restaurant Defendant is targeted for local consumption. Both printouts from the U.S. Department of Labor Wage and Hour Division website are annexed hereto as Exhibit A.

In deciding the Defendants' Motion to Dismiss, the Court may consider matters of which it may take judicial notice. Pursuant to Rule 201 of the Federal Rules of Evidence, a court may take judicial notice "at any stage of the proceeding", of any fact that is "subject to reasonable dispute because it …. Can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Courts regularly take notice of publicly available documents including, for example, documents retrieved from official government websites. *See* Wells Fargo Bank. N.A. v. Wrights Mill Holdings, LLC., 127 F. Supp.3d 156, 166 (S.D.N.Y. 2015).

Courts may also take judicial notice of information contained on websites where "the authenticity of the site has not been questioned." Hotel Employees & Rest. Employees Union. Local 100 of New York, N.Y. v. Vicinity, AFL CIO v. City of New York Dep't of Parks & Recreation, 311 F.3d 534, 549 (2d Cir. 2002); *see also* Ligon v. Doherty, 208 F. Supp.2d 384, 386 (E.D.N.Y. 2002)

(taking judicial notice of information regarding a prisoner's whereabouts in New York prison system that is listed in the New York State Department of Correctional Services website).

## B. ARGUMENT

### I. *This Court Lacks SUBJECT MATTER JURISDICTION AND Supplemental Jurisdiction Over the Defendants*

#### 1. SUBJECT MATTER JURISDICTION

To survive a Rule 12(b)(1) motion to dismiss, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." Tandon v. Captain's Cove Marina of Bridgeport, Inc., 752 F.3d 239, 243 (2d Cir. 2014). However, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). Furthermore, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." Id.

The FLSA is the Federal law which sets minimum wage, overtime, recordkeeping, and youth employment standards. There are two ways in which an employee can be covered under this law: "individual coverage" and "enterprise coverage." Padilla v. Manlapaz, 643 F. Supp. 2d 298, 299 (E.D.N.Y. 2009) (citing Bowrin v. Catholic Guardian Society, 417 F. Supp. 2d 449, 457 (S.D.N.Y. 2006)). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). In relevant part, the FLSA also defines an "enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that (1) "has employees engaged in commerce or in the production of goods for commerce" or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has "an

annual gross volume of sales made or business done [totaling at least] $500,000 (exclusive of excise taxes at the retail level that are separately stated)." Id. § 203(s)(1); see also Locke v. St. Augustine's Episcopal Church, 690 F. Supp. 2d 77, 84 (E.D.N.Y. 2010).

Defendants are hereby challenging subject matter jurisdiction in the case at hand pursuant to Rule 12(b)(1) of Federal Rules of Civil Procedure. Since the complaint does not allege facts sufficient to bring the case within the Court's subject matter jurisdiction under 28 U.S.C. § 1331, namely, facts relating to the interstate commerce requirement and for FLSA claim, subject matter jurisdiction is lacking here.

Based on the foregoing statement, Defendants respectfully request this Court to take judicial notice that Jamaica Ave, where the Defendants run their business, is located on Woodhaven, Queens County. All food prepared and served by Defendant Chow and Restaurant Defendant, a small family-operated Japanese takeout restaurant with only four employees, is targeted for local consumption.

Under these circumstances, it is virtually impossible to argue that the Restaurant Defendant is engaged in intercounty commerce, not to mention interstate commerce. So, under the facts of the case at hand, there is neither enterprise, nor individual coverage for the Plaintiff under FLSA

      2.      SUPPLEMENTAL JURISDICTION

Even assuming that the Plaintiff was able to prove willful violations, the entirety of Plaintiff's work for the Defendants lies outside the scope of the federal statute's allegations. Although the statute of limitations for the New York Labor Law claims extends back for six years, and would thus include Plaintiff's employment for the Defendants, the Defendants respectfully submit that without the anchor of Plaintiff FLSA's claims, this Court lacks supplemental jurisdiction over Plaintiff's New York Labor Law claims. Pursuant to 28 U.S.C.A. § 1367(c)(3), the district court may decline to exercise supplemental jurisdiction if "[it] has dismissed all claims over which it has original jurisdiction." Id.

Furthermore, since federal courts' supplemental jurisdiction is limited to "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy" (28 U.S.C.A. §1367(a)). Therefore, there is no common nucleus of operative facts, no federal question, and no basis for this Court to exercise jurisdiction against Defendants.

For the foregoing reasons, the Defendants respectfully request that Plaintiffs' Complaint under New York State law be dismissed in its entirety without prejudice against them for lack of subject matter jurisdiction. As matter of general fairness, this Court should not force a struggling local family that operates a small local business to defend a costly federal litigation by exercising supplemental jurisdiction.

II. *This Court Should Take Judicial Notice Of Information Regarding Tipped Employees Under the Fair Labor Standards Act that is listed in the United States Department of Labor Wage and Hour Division website*

Based on the information contained in Exhibit B, Plaintiff was a tipped employee under the Fair Labor Standards Act and therefore the Defendants committed no violations of the Act.

The Fair Labor Standards Act mandates that employees who earn $30 or more per month in tips be paid at least $2.13 in wages. This means that if an employee is a waiter, bartender, food delivery worker or another service employee who receives tips, that employee's employer is only required to pay him or her $2.13 per hour in wages.

Plaintiff DE YIN LI, Individually and On Behalf of Others Similarly Situated, was definitely a tipped employee under FLSA. All his work for the Defendants included services for which he received tips from the Restaurant's customers. In addition, the Defendants have never demanded that the Plaintiff spend any time performing non-tipped side work.

## IV.     CONCLUSION

For the foregoing reasons, the Defendants respectfully request that Plaintiff's Collective Action Complaint be dismissed as against them in its entirety for failure to state a claim, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Hui Chen & Associates, PLLC

/s/ Hui Chen
Hui Chen, Esq.
136-20 38th Avenue Suite 9E
Flushing, NY 11354
Tel: (718)463-2666
Email: hchen@yu.edu
*Attorneys for Defendant(s)*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2019, a true and correct copy of the forgoing was served on the following counsel of record through the Court's CM/ECF system:

To:    Xiaoxi Liu, Esq.
       HANG & ASSOCIATES, PLLC
       *Attorney(s) for Plaintiff(s)*
       136-20 38th Ave, Suite 10G
       Flushing, New York 11354
       Tel: (718) 353-8588
       xliu@hanglaw.com

       /s/Hui Chen
       Hui Chen, Esq.