UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
DE YIN LI, Individually and on behalf of others :
similarly situated,                                                    :            **ORDER**
                                                                            :
                                           Plaintiff,        :            18-cv-5277 (BMC)
                                                                            :
                        - against -                             :
                                                                            :
J & J RICHHAVEN ENTERPRISES INC.,         :
doing business as U-Me Sushi, and JING       :
CHOW,                                                              :
                                                                            :
                                        Defendants.        :
--------------------------------------------------------- X

**COGAN**, District Judge.

       Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is denied.  Defendants

have set forth the wrong standard for this motion.  A motion to dismiss for lack of subject matter

jurisdiction is not a Rule 12(b)(6) motion; it is a Rule 12(b)(1) motion.  (Strangely, defendants'

motion references Rule 12(b)(1) in one instance, but the motion repeatedly cites and discusses

Rule 12(b)(6)).

       There are two possible defects that can be raised under Rule 12(b)(1).  First, the face of

the complaint may not contain adequate factual allegations to support subject matter jurisdiction.

That is not the case here.  Plaintiff has not merely cited to the FLSA.  The complaint alleges that

the corporate defendant "is a business engaged in interstate commerce that has gross sales in

excess of Five Hundred Thousand Dollars ($500,000) per year" and that it has "purchased and

handled goods moved in interstate commerce."  These are sufficient factual allegations to invoke

this Court's subject matter jurisdiction under the FLSA.

The second way that a defendant can challenge subject matter jurisdiction is to dispute the factual allegations in the complaint that, if true, would establish it.  Unlike a Rule 12(b)(6) motion, this kind of Rule 12(b)(1) motion is not confined to the face of the complaint (nor to documents incorporated within it or judicially noticed facts).  A Rule 12(b)(1) motion is evidentiary, and if the plaintiff introduces conflicting evidence that supports the factual allegations establishing subject matter jurisdiction in the complaint, the Court must hold a hearing on the motion to resolve any disputed issues of fact.  See Phifer v. City of N.Y., 289 F.3d 49, 55 (2d Cir. 2002).

Here, defendants' motion offers no evidence.  There is thus nothing before the Court to contradict the factual allegations in plaintiff's complaint that establish subject matter jurisdiction.  Defendants' motion is therefore denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
        January 10, 2019